* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, this appeal is submitted on the

1999). Given our resolution of this issue, we need not address the government's remaining arguments against suppression.

AFFIRMED.

Charles L. WILLIAMS, Plaintiff–Appellant,

v.

Jay HARTZ, Defendant–Appellee.

No. 01–3698.

United States Court of Appeals, Seventh Circuit.

Submitted June 5, 2002 *.

Decided June 24, 2002.

briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

Before EASTERBROOK, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

## ORDER

In March 1998 Wisconsin inmate Charles L. Williams, a diabetic, asked prison physician Jay Hartz to place him on a special diet. Hartz, however, denied the request and advised Williams to eat a stable diet. Williams sued, *see* 42 U.S.C. § 1983, alleging that Hartz's refusal violated his Eighth Amendment rights. The district court entered summary judgment in favor of Hartz. We affirm.

Williams used to be incarcerated at the Wisconsin Resource Center ("WRC") in Winnebago. In March 1998 he submitted a health service request to WRC officials seeking a diabetic diet, *i.e.*, one limited in calories and with reduced levels of sugar and complex carbohydrates. Hartz, a psychiatrist responsible for both mental health and primary physician care, denied the request, instructing Williams to "[F]irst eat the way you should." Hartz, who had treated Williams since April 1997, decided against a special diet because Williams had repeatedly ignored past dietary instructions and had often refused to

eat or take insulin. In Hartz's view, reducing Williams's caloric intake would have exposed him to a greater risk of hypoglycemia because his blood sugar level would have become too low when he refused to eat. Hartz believed that Williams would be best served by eating an appropriate balance of foods regularly offered to inmates.

After exhausting his available prison remedies, Williams filed this suit alleging that various prison officials and entities violated his Eighth Amendment rights by failing to put him on a "diabetic diet." The district court, adopting the recommendation of a magistrate judge, *see* 28 U.S.C. § 636(b)(1)(C), dismissed his claims against all of the defendants except Hartz, the only defendant identified by Williams to have participated in his treatment. Hartz then moved for summary judgment, bolstered by his own affidavit, the affidavit of his supervisor, Dr. Thomas Michlowski, as well as Williams's medical records. Williams offered no evidentiary support in opposition to the summary judgment motion other than his verified complaint and his own declaration. The district court, again accepting the recommendation of the magistrate, *see* § 636(b)(1)(C), granted the motion, concluding that no reasonable jury could find that Hartz acted with deliberate indifference.

On appeal Williams contends that he created a triable issue of fact regarding his Eighth Amendment claim against Hartz. To preclude summary judgment on this claim, Williams must set forth evidence that Hartz acted with deliberate indifference to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Deliberate indifference" entails more than mere negligence, but instead requires a prison official to knowingly disregard an excessive risk to the prisoner's health. *Id.*

at 837, 114 S.Ct. 1970; *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). Courts must examine the inmate's care in its totality to determine whether a prison official acted with deliberate indifference. *Dunigan v. Winnebago County*, 165 F.3d 587, 591 (7th Cir.1999).

We agree with the district court that Hartz was entitled to summary judgment. Although diabetes is a serious medical condition, Williams failed to demonstrate a genuine issue of material fact regarding Hartz's treatment of the disease. Hartz regularly monitored Williams's blood sugar level, placed him on insulin, instructed him on what foods he should be eating, and when necessary gave him "diabetic snacks" to raise his blood sugar level. Moreover, the medical records reveal that Williams's health was jeopardized by his own recalcitrance—he frequently disregarded dietary instructions and often refused to submit to blood tests or take insulin. In light of this medical history, Hartz believed that placing Williams on a special diet would endanger his health, not improve it. Although Williams contends that this decision caused him harm, his mere disagreement with Hartz's medical judgment cannot sustain a claim of deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir.1996). In any event Williams has offered no evidence that Hartz's refusal to place Williams on a special diet reflected a conscious disregard to his well being. Moreover, Williams failed to present any medical evidence to rebut the physician's view that a special diet would jeopardize his health—his personal disagreement with the diagnosis and his generalized state-

ments about diabetes are insufficient to defeat summary judgment.

AFFIRMED.